United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE LOPEZ QUINTERO,<br><br>Defendant. | Case No. 5:11-cr-00711-EJD<br><br>**ORDER DENYING DEFENDANT'S "UNOPPOSED PETITION AND/OR MOTION FOR REDUCTION/MODIFICATION OF SENTENCE"**<br><br>Re: Dkt. No. 45 |

On September 4, 2018, Defendant Enrique Quintero pled guilty pursuant to a written plea agreement to four counts charged in two case numbers: two counts of conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846; and two counts of possession with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).[1] Defendant was thereafter sentenced to four concurrent custodial terms of 240 months. Judgment was entered accordingly on October 12, 2006.

Defendant now petitions or moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on Amendment 782. Dkt. No. 45. Defendant argues he is entitled to a reduction because, though the Probation Officer determined he was a career offender, his plea agreement provides for a different calculation that was affected by the amendment. The Government argues otherwise. The Government is correct.

"For purposes of a motion for a sentence reduction, the applicable guideline range is the

---

[1] The other case number is 5:11-cr-00550-EJD.

Case No.: 5:11-cr-00711-EJD
ORDER DENYING DEFENDANT'S "UNOPPOSED PETITION AND/OR MOTION FOR REDUCTION/MODIFICATION OF SENTENCE"

1

pre-departure, pre-variance range calculated by the court at sentencing." United States v. Hill, 674 Fed. App'x 738 (9th Cir. 2017). This is true even if the defendant's plea agreement calculates a different sentencing range. See id. (citing United States v. Pleasant, 704 F.3d 808, 811-12 (9th Cir. 2013)). Furthermore, a sentence reduction is inconsistent with the policy underlying § 1B1.10 if none of its specified amendments apply to the defendant. U.S.S.G. § 1B1.10(a)(2).

Here, the Presentence Investigation Report reveals the pre-departure, pre-variance guideline range of 188 to 235 months was calculated based on the Career Offender provisions in U.S.S.G. § 4B1.1. This is the same guideline range identified by the court at the sentencing hearing (Tr., Dkt. No. 54 in Case No. 5:11-cr-0050-EJD, at 4:19-5:2), and it is this range, not the one calculated in the plea agreement, that is applicable for the purposes of a sentence reduction. See Hill, 674 Fed. App'x at 738. Because § 4B1.1 was unaffected by Amendment 782, Defendant is not entitled to relief by the express terms of § 1B1.10(a)(2).

Accordingly, Defendant's "unopposed petition and/or Defendant's motion for reduction/modification of sentence" (Dkt. No. 45) is DENIED.

**IT IS SO ORDERED.**

Dated: November 8, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cr-00711-EJD
ORDER DENYING DEFENDANT'S "UNOPPOSED PETITION AND/OR MOTION FOR REDUCTION/MODIFICATION OF SENTENCE"
2