1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ENRIQUE LOPEZ QUINTERO,<br><br>        Defendant. | Case No.  5:11-cr-00711-EJD-1<br><br>Case No.  5:11-cr-00550-EJD-2<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. Nos. 57, 62 |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ENRIQUE LOPEZ QUINTERO,<br><br>        Defendant. | |

Defendant Enrique Lopez Quintero is an inmate in the custody of the Bureau of Prisons ("BOP") and is housed at FCI Lompoc.  Defendant, now 52 years old, is serving a 20-year sentence for drug related offenses.  On May 18, 2020, Defendant filed an emergency motion for compassionate release from prison pursuant to 18 U.S.C. § 3582(C)(1)(A) due to the ongoing COVID-19 pandemic.  Dkt. No. 62. Defendant contends that he should be released immediately because he tested positive for COVID-19 and FCI Lompoc cannot adequately care for him.  Dkt.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

No. 62 at 9.  He seeks immediate release from custody or home confinement to live with his sister in Watsonville, California.  On May 28, 2020, the government filed an opposition.  The government confirms that Defendant tested positive but was asymptomatic for the duration of his 14-day quarantine, and therefore the government contends there is no basis for releasing him.  Dkt. No. 64.  On May 29, 2020, the Probation Office provided the Court with a response to Defendant's application.  On June 8, 2020, Defendant filed a supplemental motion for compassionate release, citing changes in federal sentencing laws as an additional ground for release beyond medical issues.  Dkt. No. 65.  The Court issued an order authorizing the government to respond to the supplemental motion no later than June 18, 2020.  Dkt. No. 66.  To date, the government has not filed any response.

The Court finds it appropriate to take this matter under submission for decision without oral argument.  For the reasons stated below, Defendant's motion will be denied.

## I.      BACKGROUND

### A.      Defendant is Sentenced as a Career Offender to 240 Months

On June 28, 2011, Defendant participated in the sale of three ounces of methamphetamine to an undercover officer in Las Lomas near Watsonville, California.  That sale led to case No. CR 11-550-EJD.  On August 25, 2011, Defendant sold one quarter ounce of methamphetamine to an undercover agent in Watsonville, California.  This sale led to case No. CR 11-711-EJD.

The government indicated that if Defendant did not accept its 240 month offer, the government would file felony drug priors pursuant to 18 U.S.C. § 851.  These priors would have subjected Defendant to mandatory life imprisonment.  Dkt. No. 62 at 3.  In July of 2012, Defendant executed a plea agreement and entered a guilty plea as to Counts One and Two of Docket No. CR 11-550-EJD and Counts One and Two of Docket No. CR 11-711-EJD.  The plea agreement required Defendant to waive his right to a motion under §3582.

Prior to his sentencing, Defendant was evaluated by a developmental disability expert, Dr. Timothy J. Derning.  The Presentence Report (PSR) summarized Dr. Derning's report and described Defendant as "very low functioning" with an IQ of 66.  Dkt. No. 62 at 2-3.  Defendant

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

United States District Court
Northern District of California

has suffered from severe substance abuse issues since he was twelve years old.  *Id*. at 2.

The PSR found that Quintero was a career offender and therefore had an offense level of 31 (after a reduction of three points for acceptance of responsibility) and a criminal history category of VI.  Dkt. No. 48 at 1.  Defendant had several prior convictions:  a 1989 misdemeanor conviction for grand theft; a 1989 misdemeanor conviction for carrying a loaded firearm in a public place; a 1990 misdemeanor conviction for exhibiting a loaded firearm; a 1990 felony conviction for second-degree burglary; a 1991 felony conviction for second-degree burglary; a 1997 felony conviction for possession for sale of a controlled substance (cocaine); a 1999 felony conviction for possession for sale of a controlled substance; a 1999 felony conviction for possession of a controlled substance and misdemeanor conviction for reckless driving; a 2003 felony conviction for possession for sale of a controlled substance; and a 2005 felony conviction for perjury. Dkt. No. at 1 (citing PSR ¶¶ 37–46).  The PSR also noted that Quintero had been arrested several times.  *Id*. (citing PSR ¶¶ 54–60).  The offense level of 31 with a criminal history category of VI.  Dkt. No. 48 at 2.

Pursuant to the plea agreement entered under Rule 11(c)(1)(C), the government recommended an agreed-upon sentence of 240 months.  Dkt. No. 39.  On October 15, 2012, Defendant was sentenced by this Court to 240 months imprisonment for his convictions.

### B.    Defendant's Prior Motion for Sentence Reduction

After sentencing, Defendant, proceeding pro per, filed a motion seeking a reduction of sentence under 18 U.S.C. §3582(c)(2) and Amendment 782 to the Guidelines, which amended the drug quantity tables in U.S.S.G. § 2D1.1.  Defendant argued that he was entitled to relief under Amendment 782 even though he entered into a Rule 11(c)(1)C) plea agreement.  Dkt. No. 45. This Court denied the motion, reasoning that Defendant was sentenced under the Career Offender provisions in U.S.S.G. § 4B1.1 and that these provision were unaffected by Amendment 782.  Dkt. No. 53.  The Ninth Circuit affirmed on appeal.  Defendant filed a pro se petition for certiorari before the Supreme Court.  Defendant's appointed counsel believes that Defendant is dismissing this petition.  Dkt. No. 62 at 5. To date, however, no dismissal has been filed.

United States District Court
Northern District of California

1    Defendant is scheduled to be released on October 28, 2028.  *Id*. at 3.

2    **II.     LEGAL STANDARDS**

3    Title 18 U.S.C. § 3582, as amended by the First Step Act (FSA), provides that a court may

4    modify a defendant's sentence "upon motion of the defendant after the defendant has fully

5    exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on

6    defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden

7    of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Upon such a motion,

8    a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to

9    the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction"

10   and "such a reduction is consistent with applicable policy statements issued by the Sentencing

11   Commission."  *Id*. § 3582(c)(1)(A)(i).

12   **III.    DISCUSSION**

13   **A.     Exhaustion**

14   Defendant filed his motion on May 18, 2020.  At that time, Defendant asked the Court to

15   waive the exhaustion requirement because:  (1) exhaustion would be futile; (2) the agency process

16   is incapable of granting his requested relief; and (3) delaying resolution of his motion will subject

17   him to undue prejudice.  Dkt. No. 62 at 6.  The Court need not address these arguments because

18   the date of administrative exhaustion, June 16, 2020, has how passed.  The administrative

19   exhaustion requirement is satisfied.

20   **B.     Extraordinary and Compelling Reasons**

21   The relevant Sentencing Commission policy statement lists four ways for a defendant to

22   prove "extraordinary and compelling reasons" exist that justify a compassionate release:  (A) the

23   defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65

24   years old, is experiencing a serious deterioration in physical or mental health because of the aging

25   process, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the

26   caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse

27   or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "[a]s

28   

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

United States District Court
Northern District of California

determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in Application Notes (A)-(C)." U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1. The Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

### 1.  Defendant's Medical Condition

The BOP records confirm that Defendant tested positive for COVID-19 on May 5, 2020. Defendant was asymptomatic and was tested as part of general testing conducted at the facility. Dkt. No. 64 at 3. Defendant was placed in quarantine and screened daily. *Id.* Between May 8 and May 19, 2020, Defendant had no fever and denied suffering from common symptoms, including cough, shortness of breath, muscle pain, fatigue, loss of taste or smell, sore throat, headache or chills. *Id.* On May 19, 2020, the BOP medical staff determined that Defendant met the criteria for release from isolation. *Id.* Fortunately, aside from the positive test result, Defendant's health was not impacted by COVID-19. Defendant suffers from other conditions, including arthritis, Reflexive Sympathetic Dystrophy, hyperlipidemia, latent tuberculosis, and carpal tunnel. Defendant has not established, however, that any of Defendant's medical conditions including the positive COVID-19 test result, individually or collectively, rise to the level of extraordinary and compelling reasons for compassionate release.

### 2.  Changes In Federal Sentencing Law

Defendant next points to a change in federal sentencing laws to support his motion for compassionate release. In 2012, the government advised Defendant that it would file 21 U.S.C. § 851 priors against Defendant if he did not enter into a plea agreement for 20 years. ECF 65 at 7. At that time, § 851 exposed Defendant to a potential sentence of life imprisonment. *Id.* According to Defendant, the penalty was so high that no rational person in his position would have declined the government's offer. Dkt. No. 65 at 7. In 2018, the FSA was enacted and reduced sentences for drug-related crimes. Today, the maximum exposure for a defendant similarly situated to Defendant with two priors would be 25 years. FSA § 401, 132 Stat. at 5220-21.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

1   Defendant argues that this change in law between pre and post FSA maximum penalties, coupled

2   with the fact that the Guideline range would be advisory and not mandatory, create a disparity in

3   sentencing that constitutes an extraordinary and compelling reason to grant him compassionate

4   release.

5          The Court assumes without deciding that a change in federal sentencing laws could under

6   certain circumstances, constitute an extraordinary and compelling reason for compassionate

7   release.  *See e.g. United States. v. Quinn*, No. 91-CR-608 RS, 2020 WL 3275736, (N.D. Cal. June

8   17, 2020) (granting compassionate release based upon amendment to 18 U.S.C. § 924(c)).  Here,

9   however, the change in federal sentencing laws does not.  Defendant entered into a plea agreement

10  for a specified sentence of 20 years.  This alone distinguishes him from other defendants who were

11  sentenced after trial and granted a compassionate release.  *See e.g. United States v. Hope*, No. 90-

12  cr-6108 KMW, 2020 WL 2477523 (S.D. Fla. Apr. 10, 2020) (defendant sentenced after being

13  convicted at trial); *United States v. Chan*,  No. 96-cr-94 JSW, 2020 WL 1527895 (N.D. Cal.

14  March 31, 2020) (same); *United States v. Decator*, No. 95-cr-202 CCB, 2020 WL 1676219 (D.

15  Md. April 6, 2020) (same); *United States v. Urkevich*, No. 03-cr-37 LSC, 2019 WL 6037391 (D.

16  Neb. Nov. 14, 2019) (same); *United States v. Cantu-Rivera*, No. 89-204 SL, 2019 WL 2578272

17  (S.D. Tex. June 24, 2010); *United States v. Mondaca*, No. 89-cr-655 DMS, 2020 WL 1029024

18  (S.D. Cal. Mar. 3, 2020).  Defendant's assertion that his guilty plea and plea agreement in 2012

19  were "not truly voluntary" is not credible because it is made only in hindsight with the passage of

20  the FSA.  The Court appreciates that the risk/benefit analysis Defendant faced in 2012 may have

21  been very different than it would be today.  It is, however, too speculative to assume that

22  Defendant would have rejected the government's plea agreement if the FSA maximum sentences

23  were in effect in 2012. There may have been other factors that influenced Defendant's decision to

24  accept the plea agreement.

25  **IV.    CONCLUSION**

26          Defendant's medical conditions and the changes in federal sentencing law, individually or

27  in combination, do not rise to the level of extraordinary and compelling reasons for compassionate

28

United States District Court
Northern District of California

1  release.  Defendant's motion for compassionate release is DENIED.

2      **IT IS SO ORDERED.**

3  Dated:  July 6, 2020

4  _____
   EDWARD J. DAVILA
5  United States District Judge